IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MARION GLENN JACKSON, #76393**                                                **PETITIONER**

**VERSUS**                                                     **CIVIL ACTION NO. 1:04cv887DMR-JMR**

**JODY BRADLEY, Warden; and**
**JIM HOOD, Attorney General**                                              **RESPONDENTS**

## MEMORANDUM OPINION AND FINAL ORDER

BEFORE THE COURT is the Motion of the Respondents to Dismiss Pursuant to 28 U.S.C. § 2244 (b) or, Alternatively, Pursuant to 28 U.S.C. § 2244 (d) [9-1].  Having considered the Respondent's Motion to Dismiss [9-1], Jackson's Motion for Abeyance [10-1], and the applicable law, this Court finds that the Motion [9-1] is well taken and should be granted and that the Motion for Abeyance [10-1] should be denied.  Accordingly, Jackson's petition in the above-captioned action shall be dismissed without prejudice.

### PROCEDURAL AND FACTUAL BACKGROUND

Marion Glenn Jackson was convicted of possession of a controlled substance, cocaine, with intent to transfer or distribute as an habitual offender in the Circuit Court of Harrison County, Mississippi.  By an Order filed on September 15, 1995, Jackson was sentenced to serve a term of sixty (60) years[1] in the custody of the Mississippi Department of Corrections (MDOC).  *See* Order, attached to Respondents' Motion to Dismiss as Exhibit "A."  Jackson appealed the conviction and the Mississippi Supreme Court affirmed the lower court's judgment of conviction and sentence in an opinion not designated for publication on December 5, 1997.  *See Jackson v. State*, 704 So.2d 469 (Miss. App. 1997)(Cause No. 95-KA-01014-COA), attached to

---

[1] Jackson was sentenced to twice the maximum punishment pursuant to Miss. Code Ann. § 4-29-147 and sentenced as a habitual offender pursuant to Miss. Code Ann. § 99-19-81.

Respondents' Motion to Dismiss as Exhibit "B."  Jackson's motion for rehearing was denied January 27, 1998.  *See* Hand-down list from January 27, 1998, attached to Respondents' Motion to Dismiss as Exhibit "C."

Jackson previously filed for habeas relief in this Court in Cause No. 1:02cv43G-R challenging his conviction from the Circuit Court of Harrison County, Mississippi, for possession of a controlled substance and the resulting sentence of sixty (60) years as a habitual offender. United States Magistrate Judge John M. Roper entered a Report and Recommendation on December 19, 2002, recommending dismissal of that matter with prejudice as being time barred. *See* Report and Recommendation, attached to the Respondents' Motion to Dismiss as Exhibit "D."  Thereafter, United States District Judge Walter Gex adopted the Report and Recommendation by an Order and separate Final Judgment on February 24, 2003, and dismissed the case with prejudice.  *See* Order, attached to the Respondents' Motion to Dismiss as Exhibit "E."  Jackson's request for a Certificate of Appealability was denied by this Court on April 14, 2003.  *See* Order, attached to Respondents' Motion to Dismiss as Exhibit "F."  Jackson appealed this matter to the United States Court of Appeals for the Fifth Circuit, and that court dismissed the appeal for failure to file a brief on June 27, 2003.  *See* Order, attached to Respondents' Motion to Dismiss as Exhibit "G."

## STANDARD OF REVIEW

Jackson's current Petition for Writ of Habeas Corpus was filed pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, which provides in part:

> (b)(3)(A) Before a second or successive application permitted by this
> section is filed in the district court, the applicant shall move in the

>appropriate court of appeals for an order authorizing the district court to consider the application.

Under the AEDPA, the decision of whether a successive § 2254 application may be filed in a district court must be made by a court of appeals. *In re Smith*, 142 F. 3d 832, 833-34 (5th Cir. 1998). "Pursuant to the amendments to the habeas statutes resulting from the Anti-Terrorism and Effective Death Penalty Act (AEDPA), a habeas applicant must obtain an order from a court of appeals authorizing the district court to consider such a second or successive application." *In re Davis*, 121 F. 3d 952, 952-53 (5th Cir. 1997).

### LEGAL ANALYSIS

In the instant petition, Jackson again challenges his conviction and sentence from the Circuit Court of Harrison County, Mississippi and sentence of sixty (60) years. These are the same claims that Jackson pursued in his previous habeas action. Jackson has failed to receive permission from the U. S. Court of Appeals for the Fifth Circuit before filing his successive habeas petition. Accordingly, this Court is without jurisdiction to hear Jackson's petition and it will be dismissed without prejudice.

Jackson also moves this Court to hold his habeas action in abeyance while the U.S. Court of Appeals for the Fifth Circuit considers his belated request to file a successive petition. Jackson's Motion for Abeyance [10-1] will be denied, as he can file another habeas petition if he is granted permission to do so.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion of the Respondents' to Dismiss [9-1], be and is hereby **GRANTED** and Jackson's Petition for Writ of Habeas Corpus [1-1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion of the Petitioner for Abeyance [10-1] be and is hereby **DENIED**.

**SO ORDERED AND ADJUDGED** this the   22nd   day of March, 2006.

/S/   **DAN M. RUSSELL, JR.**
**UNITED STATES DISTRICT JUDGE**